FEDERAL DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA,

Robert Loiseau                                    :

    Plaintiff                                   :

v.                                                              CV No:

Elizondo Auto Sales LLC                   :

and Elizondo Pedroza

and

NextGen Auto Sales LLC and         :

Luis Cortes,                                        :

   Defendants                                   :

CIVIL COMPLAINT

Introduction

This is an action to recover significant funds paid by the Plaintiff for a purchase of a recreational luxury vessel, which transaction was induced under false pretenses of an online auction, but has proven to be a scam, as high priced vessel never arrived, and Defendants ceased any correspondence despite timely payment.

PARTIES

1. Plaintiff, Robert Loiseau is an adult resident of Commonwealth of Pennsylvania, residing in Montgomery County, PA, at 1832 N HILLS AVE, WILLOW GROVE, PA 19090.

2. Defendant Elizondo Auto Sales LLC is a limited liability company or a similar business organization organized under laws of State of Texas, under

State taxpayer number 32074548770, with listed address at 5504 N BENTSEN PALM DR. MISSION, TX 78574 – 1345, and registered agent where it can be served at 2029 PENA ST, MISSION, TX 78574. State of Texas bureau of corporation record is attached hereto as Exhibit A.

3. Defendant Elizondo Pedrosa is an adult individual, resident of the State of Texas, listed under State of Texas Corporate records as managing member of Defendant Elizondo Auto Sales LLC, and according to the same official records, may be served at 5504 N BENSTEN PALM DR. MISSION, TX 78574.

4. Defendant NextGen Auto Sales LLC, is a limited liability company or a similar business organization organized under laws of State of California, under file number B20260258812, with listed address at 23477 Park Colombo, Calabasas, CA, 91302, where it is listed to have a registered agent, by the name of Luis Cortes, at the same address where it can be served. See State of California corporate records excerpt attached as Exhibit B.

5. Defendant Lous Cortes, is an adult individual, resident of State of California, and he is listed under State of California Corporate records as registered agent, but at the same principal address, and the same mailing address of

Defendant NextGen Auto Sales LLC, at 23477 Park Colombo, Calabasas, CA, 91302, and may be served at the same address as the LLC. Id.

## JURISDICTION

6. This Court has subject matter jurisdiction pursuant to diversity statute under **28 U.S.C. § 1332,** as all defendants are diverse to the Plaintiff, and amount in controversy against each Defendant and jointly and severally exceeds $75,000.

7. This Court has personal jurisdiction over each of the Defendants as each avails its services to the residents of the Commonwealth of Pennsylvania, including the Plaintiff, through online presence, in advertising and conducting online auction with residents of Pennsylvania, including the Plaintiff, and accepting significant funds from Pennsylvania bank account in furtherance of the said transactions sufficiently as to satisfy Pennsylvania long arm statute, and

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) &(2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania.

## STATEMENT OF CLAIMS

9. On or around June 16th 2026, Plaintiff was in the market for a recreational vessel, intended for family and household use, and found himself browsing

online advertisements while in his home in Pennsylvania at the address listed above.

10. In doing so, Plaintiff came across an online add for 2022 Chaparral 267 SSX, Hull ID Number:  FGBZ0179B222 1 ("the boat") advertised by joint operation and venture of all defendants, by and through Defendant Elizondo Auto Sales LLC website, as "high value repossession items".  See Exhibit C, p. 1.

11. Plaintiff made an inquiry about the boat through Defendant Elizondo Auto Sales LLC's website where it was advertised by as online auction item, and Defendant Elizondo Auto Sales LLC informed Plaintiff they would allow Plaintiff to enter the auction, but only after their auction website was back online.

12. Shortly thereafter Plaintiff was told that auction website regained functionality and invited him to place his bid. See Exhibit D.

13. Led to believe that the auction was Bonafide and legitimate  rather than a part of orchestrated scam to defraud consumers and him in particular, Plaintiff relied on the representations made and placed a bid with Defendants' auction site for $58,000.

14. Shortly thereafter Plaintiff was informed that he had placed the winning bid, and to contact them for further steps See Exhibit E.

15. After series of e-mail correspondences between the parties, on the same day, and after being reassured by the Defendants that he had he had placed a winning bid and won an auction at $58,000. Id.

16. Plaintiff was invited to sign an agreement of purchase. Id.

17. Plaintiff did sign agreement of purchase electronically on the same day.

18. Thereafter Plaintiff was sent an invoice to wire the funds ($58,000).  See Exhibit F.

19. Notably, although the seller was Defendant Elizondo Auto Sales LLC , the receipt of the wire is Defendant NextGen Auto Sales LLC, at its Bank of America bank account and with account address at 260 Edgeware Dr Agoura Hills, CA 91301. Id.

20. Plaintiff did wire the funds in the amount of $58,000, and to his detriment.

21. On or around June 17, Bill of Landing was created and purportedly signed by the shipper for delivery at Plaintiff's marina by June 24th 2026, See Exhibit H.

22. Despite payment, the boat was never delivered and the Defendants ceased all correspondence, with the exception of a text message of sensless content and beyond delivery date, where the sender stated she was out of work with health condition.

23. Plaintiff has made a demand for returned of all funds, pursuant to the 30 days money back provision on the agreement and on the wire instruction sheet, however neither the funds nor the boat have been delivered to this date.

## COUNT I.

## COMMON LAW FRAUD

### Against all Defendants

24. Plaintiff repeats and re alleges all previous paragraphs as if fully set forth herein at length.

25. Defendants made representations as set forth above, intending to induce Plaintiff's reliance thereon.

26. Plaintiff reasonably relied on those representations, such as that auction was legitimate and that entire transaction was bona fide and in good faith.

27. Representations made by defendants were knowingly false, in that the entire set of transactions as set forth above (the online auction, promise to deliver the boat upon payment), all of which they induce was fraudulent and a scam to defraud Plaintiff of his funds.

28. Plaintiff reliance on those false representations was to his detriment as he remains deprived of both the boat, the funds in the amount of $58,000.

29. Plaintiff also suffered other damages directly related to defendants' conduct in humiliation, anguish, and the type suffered by reasonable persons when they become subject of the type of fraud that has no place in civilized society.

30. Individual defendants captioned above, Mr. Elizondo Pedrosa, and Mr. Lous Cortes, are listed on respective State forms as organizers and managing members of respective LLC defendants and therefore are believed to have personally and materially participated in commission of the tort at issue and are personally liable under Pennsylvania's tort participation doctrine, pursuant to *Wicks v. Milzoco Builders, Inc.* is 503 Pa. 614, 470 A.2d 86 (Pa. 1983), and well established line of cases since.

31. Wherefore Plaintiff demands compensatory damages, damages in tort to include punitive damages, attorney's fees, and costs in excess of $75,000.

## COUNT II
## BREACH OF AGREEMENT
### Against all Defendants

32. Plaintiff repeats and re alleges all previous paragraphs as if fully set forth herein at length.

33. Plaintiff and Defendant Elizondo Auto Sales LLC, signed an agreement which Plaintiff fully complied with.

34. Remaining Defendants are intended third party beneficiaries of such agreement.

35. Defendants failed to comply with any terms of the said agreement as set forth above.

36. Plaintiff suffered damages as a result.

Wherefore Plaintiff demands compensatory damages, and costs, expectations damages, in excess of $75,000

## COUNT III

## UNFAIR TRADE PRACTICE CONSUMER PROTECTION LAW (73 P.S. §§ 201-1 to 201-9.2)

37. Plaintiff repeats and re alleges all previous paragraphs as if fully set forth herein at length.

38. In Gregg v. Ameriprise Financial, Inc., et al., 245 A.3d 637 (Pa. 2021), Supreme Court of Pennsylvania held that a strict liability standard would be applied to claims brought under the "catch-all" provision of the Unfair Trade Practices Consumer Protection Law (UTPCPL), 73 P.S. § 201-2(4).

39. In examining the word "deceptive", under UTPCPL the Supreme Court of this Commonwealth, held that the statute imposes "liability upon

commercial vendors who engage in conduct that has the potential to deceive and which creates a likelihood of confusion or misunderstanding."

40.  Further in Danganan v. Guardian Prot. Servs., No. 36 WAP 2017 (Pa. Feb. 21, 2018), the Pennsylvania Supreme Court had previously also unanimously held that the language of the Unfair Trade Practices and Consumer Protection Law (UTPCPL) does not preclude claims being invoked by out-of-state plaintiffs alleging out-of-state injuries caused by out-of-state conduct.

41. Defendants violated catch all provision as well as other enumerated provisions of the Act, by conduct set forth above.

Wherefore Plaintiff demands treble damages, attorney's fees and costs, in excess of $75,000, jointly and severally against all Defendants.

COUNT IV

CONVERSION

Against all Defendants

42.  Plaintiff repeats and re alleges all previous paragraphs as if fully set forth herein at length.

43. When funds are "frozen", the possessory interest of the account holder is interfered with sufficiently to constitute

44. Conversion, notwithstanding the fact that they have not been actually withdrawn. Pioneer Commercial Funding Corp.v. American. Financial Mort. Corp., 855 A.2d 818 (Pa. 2004).

45. 144. Funds that are "frozen" are not in the possession of the account holder. US v. ADVANTAGE MEDICAL TRANSPORT, INC., Dist. Court, No. 11-078-03. M.D. of PA 2012.

46. Even when initially transaction was contractual, it can become conversion, if upon a demand to return monies, money is unreasonably withheld, as was the case herein.

47. Within 30 days, of the transaction, Plaintiff demanded Defendants return the funds, but funds were unreasonably withheld, and without decency to acknowledge their existence and any prior relationship, as set forth herein.

48. Defendants wrongfully  interfered with sufficiently to constitute Conversation.

49. Individual defendants captioned above, Mr. Elizondo Pedrosa, and Mr. Lous Cortes, are listed on respective State forms as organizers and managing members of respective LLC defendants and therefore are believed to have personally and materially participated in commission of the tort at issue and are personally liable under Pennsylvania's tort participation doctrine.

Wherefore Plaintiff demands compensatory damages, damages in tort to include

punitive damages, attorney's fees, and costs in excess of $75,000.

## COUNT V

## VIOLATION OF PENNSYLVANIA UNIFORM COMMERCIAL CODE (UCC) (13 PA. C.S. § 2711),

## AGAINST ALL DEFENDANTS

50.   Plaintiff repeats and re alleges all previous paragraphs as if fully set forth

herein at length.

51. Defendants are merchants within the meaning of PA UCC.

52. As such the transaction being for movable goods in excess of $500, it is subject to

PA UCC, as cited herein.

53. Defendants violated several sections of cited UCC, not limited to the section cited

herein, by failing to deliver the goods.

Wherefore Plaintiff demands and prays for damages that are due under PA UCC

jointly and severally against all Defendants.

## COUNT VI

## CIVIL CONSPIRACY

54.  Plaintiff repeats and re alleges all previous paragraphs as if fully set forth
herein at length.

55. Defendants engaged and conspired to defraud and scam Plaintiff of his funds

as set forth above.

56. Defendants committed several direct overt acts in furtherance of conspiracy such as formulating wire invoice for the funds to be payable to entity Defendant NexGen Auto LLC, different than Elizondo Auto Sales that conducted the sale, in order to attempt to hide their tracks and complicate the trail of funds, to no avail.

57. As as a result,  Plaintiff suffered damages as set forth herein, and prays for relief and award damages in tort in excess of $75,000.

Wherefore Plaintiff demands compensatory damages, damages in tort to include punitive damages, attorney's fees, and costs in excess of $75,000.

RESPECTFULLY SUBMITTED BY:

/S/PREDRAG FILIPOVIC, ESQ.
PREDRAG FILIPOVIC
230 S BROAD ST. STE 36, FL 17
PHILADELPHIA, PA 19102
STOPRIPOFF.COM
PFESQ@IFIGHT4JUSTICE.COM
PA 312568;NJ 029312011,
267-265-0520 CELL
**215-754-4190**
ATTORNEY FOR PLAINTIFF
Mr. Robert Loiseau